PHILANDER EDDY, Appellant, *v.* CHAS. PETERSON, Appellee.

APPEAL FROM COOK COUNTY COURT OF COMMON PLEAS.

In an action by an indorsee against the indorser of a note, the drawer is a competent witness to prove protest and notice. Any evidence which will satisfy the jury of that fact, is sufficient.

THIS was an action of assumpsit, brought by appellee as indorsee, against the appellant, as indorser of a bill of exchange, drawn in this State, and addressed to the drawee, at Albany, in the State of New York.

The declaration contains two special counts upon the bill, and also the common counts for money lent and advanced, etc., for money paid, laid out and expended, etc., for money had and received, etc., for goods, wares and merchandise, etc., for labor, care and diligence, etc., and on an account stated, etc.

There was a demurrer to the first special count, which was sustained by the court, and the plea of non assumpsit, with affidavit of merits, to the remainder of the declaration—and issue thereon. A jury was waived by agreement. The cause was tried by the court, which refused to admit the bill of exchange in evidence under the special count, but admitted it under the other counts of the declaration, and found a verdict for the plaintiff for $1,627.93. The defendant moved for a new trial, among other reasons, because the damages assessed were excessive; the court consented to allow the motion unless the plaintiff would remit the sum of $75 of such damages, which he accordingly did, and the court then overruled the defendant's motion for a new trial, and rendered judgment for the sum of $1,552.93, and costs, against the defendant—to which decision of the court, and the various rulings of the court in the progress of the trial, the defendant excepted. An appeal was allowed him.

The evidence of protest was by Pratt, who says he had notice of the protest, and he informed the defendant, who replied,

" We must pay it," and that the defendant told the witness to get the money that witness had received for the bill, out of Hinckley's bank, where the witness had deposited the same, and pay the bill. Pratt was the drawer of the bill.

J. W. CHICKERING, and SHUMWAY, WAITE & TOWNE, for Appellant.

HOOPER, CAUSIN & SHERMAN, for Appellee.

CATON, C. J. This was an action by the indorsee against the indorser of a bill of exchange. And the court properly held that in such an action the drawer was a competent witness to prove protest and notice to the indorser. No particular form of proof is indispensable to establish the fact of presentation and non-acceptance or non-payment of a bill of exchange and notice thereof to the indorser or other party to the bill whose liability may be fixed by such notice. Any evidence which convinces the court or jury of the existence of those facts, is sufficient to create the liability. The very fact that a formal protest by a notary is always introduced to prove these facts, except possibly in one case in ten thousand, has created a notion or impression, in well informed circles, and even to some extent among the profession, that such is the only proof admissible to establish these facts, or if other proof is resorted to, it must be of the most positive and undisputable character. It is hardly necessary to say that such notions are not founded in any principle of the commercial law of evidence. These facts should be satisfactorily proved, as any other necessary fact to make out a case, and like any other essential fact, they may be even proved by circumstantial evidence alone, if the circumstances create the conviction that the facts exist. We think the proof in this case sufficient, and the judgment must be affirmed.

*Judgment affirmed.*